UNITED STATES of America, Plaintiff–Appellee

v.

Fortunato HERNANDEZ–RODRIGUEZ, Defendant–Appellant.

Nos. 11–40275, 11–40293 Summary Calendar.

United States Court of Appeals, Fifth Circuit.

Jan. 4, 2012.

---

1. *Miranda v. Arizona,* 384 U.S. 436, 86 S.Ct. 1602, 16 L.Ed.2d 694 (1966).

David W. White, Esq., U.S. Attorney's Office, Laredo, TX, Renata Ann Gowie, Assistant U.S. Attorney, U.S. Attorney's Office, Houston, TX, for Plaintiff–Appellee.

Marjorie A. Meyers, Federal Public Defender, Molly Estelle Odom, Esq., Assistant Federal Public Defender, Federal Public Defender's Office, Houston, TX, for Defendant–Appellant.

Before KING, JOLLY, and GRAVES, Circuit Judges.

PER CURIAM: *

■ Fortunato Hernandez–Rodriguez appeals the 84–month sentence imposed following his guilty plea conviction for being found unlawfully in the United States following deportation in violation of 8

U.S.C. § 1326 and the consecutive 12–month sentence imposed following the revocation of a prior term of supervised release. He contends that the sentence imposed following his illegal reentry conviction is procedurally unreasonable because of the manner in which the district court considered and weighed the 18 U.S.C. § 3553(a) factors. Specifically, Hernandez–Rodriguez argues that the district court afforded too much weight to his prior illegal reentry conviction and minimized or overlooked other mitigating factors including his serious alcohol and substance abuse problem, the severe injuries he sustained during his arrest for the instant illegal reentry offense, and his motive for returning to the United States. He acknowledges that we apply plain error review when a defendant fails to object to the adequacy of the district court's explanation for the sentence and that his argument is foreclosed by *United States v. Mondragon–Santiago,* 564 F.3d 357, 364–65 (5th Cir.2009), but he seeks to preserve these issues for further review. Because Hernandez–Rodriguez did not object to the manner in which the district court considered and weighed the § 3553(a) factors in the district court, plain error review applies. *See Mondragon–Santiago,* 564 F.3d at 361.

■ The record reflects that the district court considered Hernandez–Rodriguez's mitigation arguments, weighed the § 3553(a) factors, and provided a reasoned basis for its decision. *See Rita v. United States,* 551 U.S. 338, 356, 127 S.Ct. 2456, 168 L.Ed.2d 203 (2007). Hernandez–Rodriguez's belief that the § 3553(a) factors should have been weighted differently does not suffice to show that his sentence is

* Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under

the limited circumstances set forth in 5TH CIR. R. 47.5.4.

procedurally unreasonable. *See Gall v. United States,* 552 U.S. 38, 51, 128 S.Ct. 586, 169 L.Ed.2d 445 (2007). Moreover, even if we were to conclude that the district court failed to properly weigh the § 3553(a) factors, Hernandez–Rodriguez has not shown that the error affected his substantial rights because he cannot show that the district court would have imposed a below-guidelines sentence in the absence of the error. *See Mondragon–Santiago,* 564 F.3d at 364–65. Therefore, there is no reversible plain error. *See Puckett v. United States,* 556 U.S. 129, 129 S.Ct. 1423, 1429, 173 L.Ed.2d 266 (2009).

■ Hernandez–Rodriguez also contends that the sentence imposed following the revocation of his supervised release is procedurally unreasonable because the district court failed to conduct a revocation hearing pursuant to Federal Rule of Criminal Procedure 32.1. Because Hernandez–Rodriguez did not object to the revocation proceeding or sentence in the district court, review is for plain error. *See United States v. Whitelaw,* 580 F.3d 256, 260 (5th Cir.2009); *United States v. Magwood,* 445 F.3d 826, 828 (5th Cir.2006).

■ Although the record is unclear as to whether Hernandez–Rodriguez was provided written notice of the alleged supervised release violation, he was apprised of the revocation charge at his initial appearance. Thus, Hernandez–Rodriguez was fully informed and aware of the allegation against him, and the district court's failure to ensure that he received written notice does not constitute reversible plain error. *See Puckett,* 129 S.Ct. at 1429. Hernandez–Rodriguez was represented by appointed counsel at the rearraignment hearing, as well as at the joint revocation and sentencing hearing. Although he did not plead true to the revocation charge, he pleaded guilty to the underlying crime upon which the charge was based. At the

rearraignment hearing, Hernandez–Rodriguez heard the recitation of evidence to support his guilty plea and admitted the truth of those factual allegations. Hernandez–Rodriguez did not contest the revocation charge and nothing in the record suggests that he wished to present any evidence at the revocation hearing. Finally, Hernandez–Rodriguez was afforded an opportunity to make a statement and present mitigating evidence prior to the revocation of his supervised release. Therefore, Hernandez–Rodriguez has not shown that any error in failing to comply with Rule 32.1 or *Morrissey v. Brewer,* 408 U.S. 471, 488–89, 92 S.Ct. 2593, 33 L.Ed.2d 484 (1972), affected his substantial rights or the fairness, integrity, or public reputation of judicial proceedings. *See Puckett,* 129 S.Ct. at 1429.

Finally, Hernandez–Rodriguez contends that the consecutive sentences imposed following his illegal reentry conviction and the revocation of his supervised release are substantively unreasonable. He argues that the 84–month within-guidelines sentence is substantively unreasonable because the district court failed to account for mitigating factors. Hernandez–Rodriguez also argues that given the fundamental procedural and due process errors with the revocation proceeding, the consecutive 12–month revocation sentence compounded the substantive unreasonableness of both sentences.

Hernandez–Rodriguez acknowledges that we apply plain error review when a defendant fails to object to the substantive reasonableness of his sentence after it is imposed. *See United States v. Peltier,* 505 F.3d 389, 391–92 (5th Cir.2007). He also acknowledges that his argument that the lack of an empirical basis for U.S.S.G. § 2L1.2 precludes an appellate presumption of reasonableness is foreclosed by circuit precedent. *See Mondragon–Santiago,*

564 F.3d at 366–67. Nevertheless, he seeks to preserve these issues for further review.

■ Hernandez–Rodriguez has not shown that the within-guidelines sentence imposed following his illegal reentry conviction is substantively unreasonable. The district court considered Hernandez–Rodriguez's mitigation arguments, weighed the § 3553(a) factors, and provided a reasoned basis for its decision to impose a sentence at the bottom of the applicable guidelines range. Hernandez–Rodriguez's assertions that his serious alcohol and substance abuse problem, the severe injuries he sustained during his arrest for the instant illegal reentry offense, and his motive for returning to the United States justified a lower sentence are insufficient to rebut the presumption of reasonableness. *See United States v. Gomez–Herrera*, 523 F.3d 554, 565–66 (5th Cir.2008) (upholding the presumption of reasonableness of a within-guidelines sentence where the appellant argued that the Guidelines overstated the seriousness of his offense and his motive for returning justified a sentence below the guidelines range).

■ Hernandez–Rodriguez has also failed to show that the consecutive 12–month revocation sentence is substantively unreasonable. The revocation sentence was below the recommended range of imprisonment and did not exceed the two-year statutory minimum. *See* § 1326(b)(2); 18 U.S.C. §§ 3559(a)(3), 3583(e)(3). Further, we have repeatedly upheld as reasonable within-guidelines revocation sentences ordered to run consecutively to the sentence for the criminal offense leading to the revocation. *United States v. Ramirez*, 264 Fed.Appx. 454, 458–59 (5th Cir.2008). Therefore, there is

* Pursuant to 5TH CIR. R. 47.5, the court has

no reversible plain error. *See Puckett*, 129 S.Ct. at 1429.

AFFIRMED.